# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALEXANDER T. WHISNANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:18CV00199 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## AMENDED MEMORANDUM AND ORDER

This case is before the Court on plaintiff's "Amended Motion to Vacate, Set Aside, or to Reopen. . .Judgment" pursuant to 28 U.S.C. sec 2255, #10, which has been fully briefed. In the underlying case, plaintiff was convicted of brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. sec 924(c), which was based on a conviction for Hobbs Act Robbery. Plaintiff claims that the conviction for Hobbs Act Robbery no longer qualifies as a crime of violence as required under sec. 924(c). He relies on *United States v. Davis*, 139 S.Ct. 2319 (2019), in which the Supreme Court held that sec. 924(c)(3)(B) is unconstitutionally vague. However, plaintiff's conviction for Hobbs Act Robbery falls under the force clause of sec. 924(c)(3)(A). See *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019), citing *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017). And as the 8th Circuit recently held, the force clause of sec. 924(c)(3)(A) remains constitutional. See *Taylor v. United States*, 2019 WL 3213547 (8th Cir. July 17, 2019) (rejecting claim that carjacking is not a crime of violence for purposes of sec. 924(c)(3)(A)).

Accordingly, the motion is denied and this case is dismissed.

So ordered this 15th day of August, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE